IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AYMAN ELHARRAS,<br><br>        Plaintiff,<br><br>    vs.<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; and JOSEPH B. EDLOW, in his official capacity as Director, U.S. Citizenship and Immigration;<br><br>        Defendants. | **8:26CV186**<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Ayman Elharras filed a Complaint, Filing No. 1,[1] on April 29, 2026, and has been given leave to proceed in forma pauperis, Filing No. 9. Plaintiff also filed an emergency motion to expedite progression of this case, Filing No. 4, and what the Court construes as a motion for summons, Filing No. 7. The Court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). For the reasons that follow, the Court will dismiss Plaintiff's Complaint because the Court lacks subject matter jurisdiction and will deny Plaintiff's pending motions as moot.

## I. SUMMARY OF COMPLAINT

Plaintiff brings this action pursuant to the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 555(b), 706(1), and seeks a writ of mandamus under 28 U.S.C. § 1361 as well as declaratory and/or injunctive relief against the

---

[1] Upon initial filing, Plaintiff's Complaint was unsigned. Plaintiff corrected the signature deficiency on May 7, 2026. *See* Filing No. 1-1.

Secretary of the Department of Homeland Security and the Director of the United States Citizenship and Immigration Services ("USCIS") (collectively "Defendants"). Specifically, Plaintiff seeks to compel Defendants to adjudicate his pending Form I-485 application for adjustment of status. Filing No. 1 at 1.

Plaintiff is a non-U.S. citizen residing in Lincoln County, Nebraska, and seeks adjustment of status based on his marriage to a U.S. citizen. Plaintiff filed his Form I-485 application on March 17, 2025, and attended a marriage-based adjustment interview with USCIS on December 16, 2025, at the USCIS Omaha Field Office. USCIS did not issue a decision at the interview. Instead, Plaintiff received an interview results notice stating, in substance, that the case was being held for review and that Plaintiff should allow up to 120 days before making a status inquiry. *See* Filing No. 1 at 6. Plaintiff alleges more than 120 days have elapsed since the interview, and "USCIS has not issued a decision, has not updated Plaintiff's USCIS online account status (which still shows 'Interview Scheduled'), . . . has not provided a concrete timeline for adjudication after denial of multiple expedition requests, a service request and congressional representative inquiries," and "has not issued a Request for Evidence . . . or Notices since the Interview." Filing No. 1 at 2.

Plaintiff alleges the delay in adjudication of his I-485 application has caused concrete harm and hardship due to Plaintiff's lack of permanent work authorization, which prevents him from obtaining stable employment and causes financial hardship for him and his currently pregnant U.S. citizen spouse, and due to Plaintiff's inability to travel to provide care and support to his seriously-ill mother in Morocco. Filing No. 1 at 3, 7. Plaintiff seeks a declaration that Defendants' delay in adjudicating his I-485 application is unreasonable under the APA and an injunction and/or a writ of mandamus

2

compelling Defendants to adjudicate Plaintiff's application and issue a written decision within 15 days of being ordered to do so. Filing No. 1 at 4.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for

3

relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## III. DISCUSSION

Liberally construed, Plaintiff alleges Defendants have failed to make any determination on his I-485 application, also known as a green card application, within a reasonable period of time, and he asks the Court to compel Defendants to adjudicate his I-485 application pursuant to the APA and the Mandamus Act, 28 U.S.C. § 1361. In evaluating Plaintiff's claims, the Court must determine whether subject-matter jurisdiction is proper. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Plaintiff's Complaint raises jurisdictional issues which this Court has previously addressed at length:

> The APA confers a right to judicial review on "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute." 5 U.S.C. § 702. "[A]gency action" includes "failure to act." 5 U.S.C. § 551(13). And a reviewing court shall "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). But other statutes can preclude judicial review, and judicial review is unavailable when "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a). A claim under § 706(1) "can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." *Norton v. S. Utah Wilderness All.*, 124 S. Ct. 2373, 2379 (2004). "[D]elay cannot be unreasonable with respect to action that is not required." *Id.* at 2379 n.1.

> Furthermore, specific to immigration: issuance of a . . . green card occurs pursuant to 8 U.S.C. § 1255(a), and "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1255[.]" 8 U.S.C. § 1252(a)(2)(B)(i). Nor does the Court have jurisdiction to review "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under [subchapter II of the

Immigration and Naturalization Act (INA), 8 U.S.C. §§ 1151-1382] to be in the discretion of the Attorney General or the Secretary of Homeland Security." § 1252(a)(2)(B)(ii).

The issue presented by these statutes is whether issuance of a green card—that is, adjustment of status to that of permanent resident—is a discretionary decision. And § 1255(a) provides that the status of an alien may be adjusted

> by the Attorney General, *in his discretion and under such regulations as he may prescribe*, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

It's hard to imagine statutory language that would more clearly describe a discretionary decision, and when a statute specifies that a decision is wholly discretionary, regulations or agency practice will not make the decision reviewable. *Rajasekaran v. Hazuda*, 815 F.3d 1095, 1099 (8th Cir. 2016).

*Chalamalesetty v. Jaddou*, No. 4:22-CV-3182, 2023 WL 6387976, *1–*2 (D. Neb. Sept. 29, 2023), *aff'd*, No. 23-3216, 2024 WL 1920254 (8th Cir. Apr. 30, 2024) (quoting *Bansal v. U.S. Citizenship & Immigr. Servs.*, No. 4:21-CV-3203, 2021 WL 4553017, at *5 (D. Neb. Oct. 5, 2021)).

Here, Plaintiff does not allege that USCIS is not taking any action on his I-485 application, but rather he contends USCIS is unreasonably delaying its adjudication of his application. While the Court understands Plaintiff's frustration with the delay in processing his I-485 application, nothing he alleges suggests that the delay is unreasonable as Plaintiff filed his Complaint just over four months after his adjustment interview and the USCIS website states I-485 application processing times for the Omaha Field Office is

currently 11.5 months. *See* https://egov.uscis.gov/processing-times (last visited May 13, 2026). In any case, USCIS' "decision to do one thing, at a particular pace, instead of another thing is a discretionary decision insulated from judicial review—not 'inaction' with respect to the lower-priority task." *Chalamalesetty*, 2023 WL 6387976, at *3.

Based on the foregoing, the Court finds it lacks subject-matter jurisdiction over Plaintiff's claims and will dismiss them.

IT IS THEREFORE ORDERED that:

1.    This matter is dismissed without prejudice for lack of subject-matter jurisdiction.

2.    Plaintiff's pending motions for expedited progression, Filing No. 4, and for summons, Filing No. 7, are denied as moot.

3.    The Court will enter a separate judgment.

Dated this 15th day of May, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge